BRAY et al. v. DENNING et al.

(Circuit Court, S. D. New York. July 5, 1893.)

PATENTS FOR INVENTIONS—ASSIGNMENT—WHAT CONSTITUTES.

B. and K., being owners of a patent for dress stays, entered into an agreement that any inventions in dress stays, made by either of them, should be owned jointly. The agreement recited that its purpose was "to build up a good business in dress stays, said business to be shared mutually and equally" between them. Thereafter, B. secured a patent for an improvement in dress stays. After this the two entered into partnership with an existing firm for the purpose of making and dealing in dress stays, the contract reciting that the right under the original patent owned by B. and K. should be in the partnership exclusively, and that any improvements made by either B. or K. should belong to the partnership. Several months later this partnership was dissolved by a written agreement reciting that K., for a money consideration, assigned all his right, title, and interest in and to, all and singular, the property, assets, and business of said copartnership," to the other partners. *Held*, that this assignment divested all of K.'s right and title to the patent secured by B. after the making of the original agreement between them.

In Equity. Bill by Morris P. Bray and others against Edwin J. Denning and others for infringement of a patent. Decree for complainants.

Charles E. Mitchell, for plaintiffs.

C. Godfrey Patterson, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 440,246, dated November 11, 1890, and granted to the orator Morris P. Bray, for a dress stay. The orators have the legal record title to the patent. The defendants' firm has infringed by selling dress stays made by Stewart, Howe & May under a license from John Kendrick, who claims to have an equitable title to half of the patent. The defendants stand upon this title, and also insist that the orators are not entitled to a decree because one member of the firm is not made a defendant, and because they had granted an exclusive license to another to manufacture and sell.

The infringement of a patent is essentially a tort. Root v. Railway Co., 105 U. S. 189. That torts are several, and part without all may be sued, is elementary. That a licensee cannot maintain a suit for infringement, and that such a suit must be brought by or in the name of the owner of the patent, seems to be well settled. Littlefield v. Perry, 21 Wall. 205; Paper-Bag Cases, 105 U. S. 766. The orator Bray and Kendrick owned patent No. 396,533, for a garment stay, and on November 1, 1889, entered into an agreement containing these provisions:

"* * * The said Bray and Kendrick, for and in consideration of one dollar each to the other paid, the receipt of which is hereby acknowledged, hereby agree not to sell any part of said letters patent dated January 22nd, 1889, number 396,533, nor to license other parties to make or sell, or cause to be made or sold, any of said stays, excepting as shall be sold jointly by said Bray and said Kendrick. It is hereby further agreed that neither party shall make any new invention on dress stays, or cause to be made any new improvements in dress stays, independent of the other party, and that any

and all inventions and improvements, either mechanical or designs, shall be owned jointly and mutually by said Bray and said Kendrick. The object of this agreement is to create and build-up a good business in dress stays, said business to be shared mutually and equally by said Bray and said Kendrick."

This patent is for an improvement in dress stays, within the meaning of this agreement.

In carrying out the agreement, on December 1, 1890, Bray and Kendrick and an existing firm of Lublin & Esty entered into articles. of partnership containing these clauses:

"The purposes of said partnership shall be to make, manufacture, and deal in dress stays under, and as provided for and secured by, letters patent of the U. S. numbered 396,533, issued January 22d, 1889, said patent being at the date hereof owned equally by Morris P. Bray and John Kendrick. It is further agreed by said partners that during the term and limit of this partnership the sole right to make, manufacture, and sell said dress stays. under said letters patent, and any improvement on said stays which may be patented by either said Bray or said Kendrick, or both of them, shall be and belong to said copartnership."

On September 18, 1891, the partnership was dissolved by written agreement, which contained this clause:

"It is further agreed between the parties hereto that the said John Kendrick shall receive in full payment and discharge for all his right, title. and interest in and to, all and singular, the property, assets, and business of said copartnership, the sum of ($292.90) two hundred and ninety-two dollars and ninety cents, the said John Kendrick having heretofore received $225. And the said John Kendrick, in consideration of the payment thus made to him, hereby sells, assigns, and transfers unto said Lublin and Esty and Morris P. Bray, all and singular, his right, title, and interest in and to the property and assets of said copartnership, to have and to hold the same unto them, their executors, administrators, and assigns."

After this, on October 19, 1891, Kendrick executed the license to Stewart, Howe & May, under which the infringing stays were made, the right to make which depends upon his title to the patent. The provisions in the original agreement between him and Bray, providing that all inventions and improvements should be owned jointly and mutually by them, standing alone, would mean that Kendrick was to become the absolute owner, with Bray, of any such invention as this, made by Bray; but the agreement goes further, and states the object to be to build up a good business in dress stays, to be shared mutually and equally by them. This seems to indicate that the inventions were to go with the business, and to qualify the right which either should acquire in any invention of the other, down to the requirements of their business. This right, whatever it was, appears to have been expressly parted with and conveyed by Kendrick upon the dissolution of the partnership, by the force of the clause quoted. The title which the defendants stand upon therefore fails.

Let there be a decree for the plaintiffs.